# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CLINTON AYERS**, | : | CIVIL ACTION NO. 1:08-CV-1148 |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **BRADFORD COUNTY**, et al., | : | |
| **Defendants** | : | |

## **ORDER**

AND NOW, this 25th day of August, 2008, upon consideration of plaintiff's motion for appointment of counsel (Doc. 12), and it appearing from the complaint (Doc. 1), and supplement to the complaint (Doc. 10), that plaintiff is capable of properly and forcefully prosecuting his claims with adequate factual investigation and appropriate citations to governing authority[1], and that resolution of the facial merit of plaintiff's claims neither implicates complex legal or factual issues nor requires factual investigation or the testimony of expert witnesses, see Tabron v. Grace, 6 F.3d 147, 155-57 (3d Cir. 1993) (listing factors relevant to request for counsel)[2], it is hereby ORDERED that the motion (Doc. 12) is DENIED. If further

---

[1] Although plaintiff is required to comply with the law library procedure at his present place of incarceration (Doc. 12, at 2), I am confident that the access provided is sufficient for purposes of pursuing this litigation.

[2] Recently, in a "Not Precedential" opinion, a panel of the United States Court of Appeals for the Third Circuit indicated that the district court should also consider its willingness to aid the indigent party in presenting his or her case in the courtroom and the availability of attorneys willing to take § 1915(e) appointments. Gordon v. Gonzalez, No. 04-4623, 2007 WL 1241583, at *2 (3d Cir. Apr. 30, 2007).

proceedings demonstrate the need for counsel, the matter will be reconsidered either *sua sponte* or upon motion of plaintiff.  See id.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge