# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CLINTON AYERS,** | : | **CIVIL ACTION NO. 1:08-CV-1148** |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| **BRADFORD COUNTY, et al.,** | : | |
| **Defendants** | : | |

## MEMORANDUM

Plaintiff Clinton Ayers ("Ayers"), a Pennsylvania state inmate formerly incarcerated at the Bradford County Prison in Troy, Pennsylvania, commenced this civil rights action on June 17, 2008. (Doc. 1.) Shortly thereafter, he supplemented the complaint with the addition of a new defendant and exhibits. (Docs. 10, 19.) Presently pending are two separate motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The first motion was filed on behalf of defendants Bradford County, Nancy Schrader ("Schrader"), Bradford County Correctional Facility ("BCCF"), and Kevin Losinger ("Losinger"). (Doc. 21.) The second was filed on behalf of defendant Joeeph Cama, M.D. ("Dr. Cama"). (Doc. 32.) For the reasons set forth below, the motions will be granted and the complaint will be dismissed in its entirety.

**I.      Rule 12(b)(6) Standard of Review**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6).  When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir.2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)).  Although the court is generally limited in its review to the facts in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to "give the defendant notice of what the . . . claim is and the grounds upon which it rests." Sershen v. Cholish, No. 3:07-CV-1011, 2007 WL 3146357, at *4 (M.D. Pa. Oct. 26, 2007) (quoting Erickson v. Pardus, --- U.S. ---, 127 S. Ct. 2197, 2200 (2007)).  The plaintiff must present facts that, if true, demonstrate a plausible right to relief.  See FED. R. CIV. P. 8(a) (stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Bell Atl. Corp. v. Twombly, 550 U.S. 544, ---, 127 S. Ct. 1955, 1965 (2007) (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level");

Victaulic Co. v. Tieman, 499 F.3d 227, 234 (3d Cir. 2007). Thus, courts should not dismiss a complaint for failure to state a claim if it contains "enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at ---, 127 S. Ct. at 1965). Under this liberal pleading standard, courts should generally grant plaintiffs leave to amend their claims before dismissing a complaint that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

## II.     **Allegations of the Complaint**[1]

On June 19, 2006, while being pursued by the Pennsylvania State Police, Ayers fell and injured his left wrist and sustained a cut to his forehead. (Doc. 1, at 2; Doc. 1-2 at 17.) He was transported to Towanda Memorial Hospital. (Doc. 1, at 2.) Upon arrival, his wrist was X-rayed and his forehead was stitched. (Id.) He was informed that he broke his wrist and alleges that he was told to go to Robert Packer Memorial Hospital the following day to have a cast placed on the wrist. According to the discharge sheet, he was directed to follow-up with an orthopedist in one to two days. (Doc. 1-2, at 27.)  He was also provided aftercare instructions for cast

---

[1]The allegations have been extracted from the complaint (Doc. 1), the supplement to the complaint and exhibits attached to the supplement (Doc. 10).

care.  (Id. at 29.)  He was discharged to the custody of the state police and taken to BCCF.  On June 21, 2006, he was taken to Dr. Cama's office in Towanda, not the Robert Packer Memorial Hospital.  (Doc. 1, at 3.)  Dr. Cama placed a cast on his wrist.

On August 5, 2006, Dr. Cama removed the cast.  (Doc. 1-2, at 7.)  Ayers noticed a lump on his wrist and Dr. Cama informed him it was from the cast.  (Doc. 1, at 3.)  On August 22, 2006, he requested to have his wrist looked at again because the lump was still present and he was in discomfort.  (Doc. 1-2 at 7.)  Dr. Cama came to BCCF and saw Ayers on August 26, 2006.  (Doc. 1, at 3.)  Plaintiff inquired about the lump and was informed that it was the location of the fracture.  (Id.)  Ayers questioned this explanation because he was told that the break was on the other side.  (Id.)  Dr. Cama replied that it was just swollen and the swelling would go down.  Ayers was dissatisfied with this response and requested that he be taken to Robert Packer Hospital.  (Doc. 1, at 3.)  Dr. Cama informed him that he did not work for the county, but he would give Ayers a copy of the X-rays.  (Id.)

Thereafter, he was seen in the medical department on several occasions. (Doc. 1-2, at 9-10.)  In response to an August 28, 2006, request for sick call for his wrist, a call was placed to Dr. Cama.  On August 29, 2006, the doctor ordered an X-ray and a left wrist splint and suggested that Ayers begin range of motion exercises. (Id. at 8.)  The splint arrived the following day, but was unable to be used because it contained metal.  (Doc. 1-2, at 10.)  On that same day, the medical department received permission from the deputy warden to use the splint.  (Id.)  Ayers refused

the splint, stating that he would wait for the one without the metal to arrive.  (Id.) The medical department placed an order for a "non-metal" splint with the medical provider.  (Doc. 1-2, at 10.)  On August 31, 2006, he was taken to Memorial Hospital and three X-ray views of the left wrist were taken.  (Doc. 1-2, at 26; 10.)  He alleges that he "was told in front of Sheriff Hart by the X-Rayer do you know he has a broken wrist and its [sic] healing broke."  (Doc. 1, at 4.)

On September 29, 2006, Dr. Cama called to report the findings that Ayers sustained "damage to the cartilage disc on ulna side d/t the way his palm went into the ground when he fell."  (Id.)  He prescribed Ibuprofen to be taken twice per day for pain and ordered physical therapy.  A physical therapist came to BCCF and taught both Ayers and a registered nurse wrist exercises and the benefits of the exercising with a wrist band.  (Doc. 1-2 at 10-13.)   He continued to suffer pain and limited use and, despite numerous sessions of physical therapy, and the application of heat and ice, his condition remained unchanged.  (Doc. 1-2, at 13, 15-16.)  He was transferred from BCCF in January 2007.  (Doc. 1, at 4.)

He alleges that he has "been suffering continuously in pain for over 9/months and 274/days, because the doctor at Bradford County overruled the original Doctor from the Towanda Hospital, and Dr. Cama placed a cast on my wrist without referring to the provider to measure the cast like it should have been.  I completely denied medical care when they aware of my medical needs, where they the staff keep-on denying me to see a specialist to have my wrist taken care of in the manner it should have been like the doctor at Towanda Hospital said."  (Doc. 1, at 5.)

He states that he sent multiple grievances to defendant Losinger, but received no response. (Doc. 1, at 4.) Attached to his complaint is a copy of an inmate request to the warden concerning the decision to send him to Dr. Cama, rather than to Robert Packer Hospital. (Doc. 1-2, at 31.) No other documentation is attached.

In his complaint, Ayers also details the treatment he received once he was transferred from BCCF. He received follow-up X-rays and was provided pain medication. Additionally, he has been informed that it there is no improvement within a certain time frame, surgery may be necessary. (Doc. 1, at 4-5.)

### III.    **Motion to Dismiss Filed on Behalf of Defendant Cama**

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996).

To demonstrate a prima facie case of Eighth Amendment cruel and unusual punishment based on the denial of medical care, as is alleged here, a plaintiff must establish that defendants acted "with deliberate indifference to his or her serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104 (1976); Durmer v. O'Carroll, 991 F.2d 64, 67 (3d Cir. 1993). There are two components to this standard: First, a plaintiff must make an "objective" showing that the deprivation was "sufficiently serious," or that the result of the defendant's denial was sufficiently serious. Additionally, the plaintiff must make a "subjective" showing that defendant acted with "a sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 298 (1991); see also Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002). The "deliberate indifference to serious medical needs" standard is obviously met when pain is intentionally inflicted on a prisoner, when the denial of reasonable requests for medical treatment exposes the inmate to undue suffering or the threat of tangible residual injury, or when, despite a clear need for medical care, there is an intentional refusal to provide that care. See Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004) (quoting White v. Napoleon, 897 F.2d 103, 109 (1990); Monmouth County Corr. Inst. Inmates v. Lensario, 834 F.2d 326, 346 (3d Cir. 1987).

Accordingly, a "medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice." Estelle, 429 U.S. at 107. "[A]s long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights." Brown v. Borough of Chambersburg, 903 F.2d 274, 278 (3d Cir. 1990).

Further, a doctor's disagreement with the professional judgment of another doctor is not actionable under the Eighth Amendment.  See White v. Napoleon, 897 F.2d 103, 110 (3d Cir.1990).  In sum, negligence, unsuccessful medical treatment, or medical malpractice do not give rise to a § 1983 cause of action, and an inmate's disagreement with medical treatment is insufficient to establish deliberate indifference.  See Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993).  Rather, prison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners.  Durmer, 991 F.2d at 67.

Ayers alleges that "the doctor at Bradford County overruled the original doctor from Towanda Hospital, and Dr. Cama placed a cast on [his] wrist without referring to the provider to measure the cast like it should have been." (Doc. 1, at 5.)  Contrary to these conclusory assertions, the Towanda Memorial Hospital medical records reflect that Ayers was discharged with instructions to follow up with an orthopedist in one to two days for purposes of casting and was provided with aftercare cast instructions.  (Doc. 1-2 at 23, 27.)  No surgery was indicated.  Moreover, it is undisputed that BCCF provided him prompt medical care by taking him to Dr. Cama for evaluation within the prescribed two day period.  Dr. Cama placed a cast on his wrist.  Thereafter, Ayers was seen on multiple occasions in the medical department.  After removal of the cast, he sought treatment for pain and discomfort.  Each and every time he expressed concern and requested treatment, his concerns were addressed and he was treated by either prison medical staff or Dr. Cama.  He received follow-up X-rays to determine why he was still suffering

pain and discomfort.  In an effort to ease discomfort, he was given physical therapy on a regular basis.  He was also offered a splint, which he declined to use.  Lastly, he was prescribed medication to alleviate pain.

This is clearly a case involving plaintiff's disagreement with the course of treatment he received while incarcerated at BCCF, which is insufficient to sustain a cognizable constitutional claim.  Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1080 (3d Cir. 1976).  As noted above, negligence, unsuccessful medical treatment, or medical malpractice do not give rise to a § 1983 cause of action, and an inmate's disagreement with medical treatment is insufficient to establish deliberate indifference.  See Durmer, 991 F.2d at 69.  Defendant Cama's motion to dismiss will be granted.

## IV.    **Motion to Dismiss Filed on Behalf of Defendants Bradford County, Schrader, BCCF and Losinger**

### A.    **Defendant Bradford County**

In order for a municipality to be held liable under §1983 for a constitutional violation, there must be a "direct causal link between a municipal policy or custom and the alleged constitutional deprivation."  City of Canton v. Harris, 489 U.S. 378, 385 (1989); see also Monell v. New York City Dept. of Social Servs., 436 U.S. 658 (1978).  The municipality must cause the constitutional violation at issue.  Id.

Ayers fails to allege that Bradford County undertook any act pursuant to an official municipal policy or custom of some nature which caused the alleged Constitutional violation.  The complaint against this defendant will be dismissed.

**B.     Defendant BCCF**

Ayers is unable to maintain the action against BCCF because a prison or correctional facility is not a "person" that is subject to suit under federal civil rights laws.  Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989); Mt. Healthy City Bd. of Educ. v. Doyle, 429 U.S. 274 (1977); see Slagle v. County of Clarion, 435 F.3d 262, 264 n. 3 (3d Cir. 2006) (affirming on other grounds and observing that "[t]he District Court dismissed Clarion County Jail as a defendant in this case, stating 'it is well established in the Third Circuit that a prison is not a "person" subject to suit under federal civil rights laws' "); Kelly v. York County Prison, No. 08-1813, 2008 WL 4601797, at *2 (M.D. Pa. Oct. 15, 2008) (noting that a "prison or correctional facility is not a person within the meaning of § 1983" and "the York County Prison is clearly not a person and may not be sued under § 1983").  Jackson v. Pennsylvania, No. 08-1297, 2008 WL 4279544, at *1 (M.D. Pa. Sept. 11, 2008) (holding that a county prison is not a "person" within the meaning of § 1983); Meyers v. Schuylkill County Prison, No. 04-1123, 2006 WL 559467, at *8 (M.D. Pa. Mar. 7, 2006)(holding same).  BCCF has no existence apart from the government and cannot be considered a person for purposes of maintaining a civil rights action.

**C.     Defendant Schrader**

Defendants seek dismissal of the complaint against defendant Shrader based on her lack of personal involvement in conduct amounting to a constitutional violation.  A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . .  Personal involvement can be shown through allegations of

personal direction or of actual knowledge and acquiescence." <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207-08 (3d Cir. 1988); <u>see</u> <u>also</u>, <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>Atkinson v. Taylor</u>, 316 F.3d 257 (3d Cir. 2003). Thus, individual liability can be imposed under Section 1983 only if the state actor played an "affirmative part" in the alleged misconduct. <u>Rode</u>, *supra*. As noted by defendants, "[e]xcept for the caption, the complaint is devoid of any reference to Commissioner Schrader. . . ." (Doc. 24, at 6.) Hence, the motion to dismiss will be granted as to this defendant.

### D.     **Defendant Losinger**

With respect to defendant Losinger, the warden at BCCF, it has clearly been held that a prison official cannot be considered deliberately indifferent simply because they failed to respond to medical complaints of a prisoner who is being treated by medical personnel. <u>See</u> <u>Durmer v. O'Carroll</u>, 991 F.2d 64, 69 (3d Cir. 1993). The <u>Durmer</u> Court also reiterated the longstanding principle that "*Respondeat superior* is, of course, not an acceptable basis for liability under § 1983." <u>Id.</u> at n.14. There is no question that Ayers was under the care of a physician. While he takes issue with the quality of his care, he clearly acknowledges he was under treatment. Accordingly, under <u>Durmer</u>, the claim against defendant Losinger fails as a matter of law.

To the extent that Ayers complains about defendant Losinger's failure to respond to grievances, participation in the after-the-fact review of a grievance or appeal proceeding is not enough to establish personal involvement. <u>See</u> <u>Brooks v.</u>

Beard, 167 Fed. Appx. 923, 925 (3d Cir. 2006) (holding that a state prisoner's allegation that prison officials and administrators responded inappropriately, or failed to respond to a prison grievance, did not establish that the officials and administrators were involved in the underlying allegedly unconstitutional conduct). The motion to dismiss will be granted as to this defendant.

## V.     **Amendment of the Complaint**

If a complaint is subject to a Rule 12(b)(6) dismissal, as is the case here, a district court must permit a curative amendment or explain why amendment would be futile. See Phillips v. Allegheny County, 515 F.3d 224, 245-46 (3d Cir. 2008); Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). It does not matter whether or not a plaintiff seeks leave to amend. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir.2002) (citing Shane v. Fauver, 213 F.3d 113, 116 (3d Cir.2000)). Amendment is futile if the complaint, as amended, would fail to state a claim upon which relief could be granted. In re Alpharma Inc. Sec. Litig., 372 F.3d 137, 153 (3d Cir. 2004). Thus, futility is governed by the same standard of legal sufficiency as a Rule 12(b)(6) motion to dismiss. Id. at 153-54. If a claim would still be deficient even after the pleading was amended, leave to amend should not be granted.

In his opposition to the motion, Ayers states that defendants "had direct involvement with Plaintiffs [sic] medical treatment and did establish or perpetuate a policy of deliberate indifference at the Bradford County Correctional Facility." However, even if Ayers were to establish direct involvement in the underlying conduct, under no set of facts could plaintiff establish that defendants acted with

deliberate indifference to his serious medical needs.  See III supra.  Consequently, allowing leave to amend would be futile.

## VI.     **Conclusion**

Based on the foregoing, the motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed on behalf of defendants Bradford County, Schrader, BCCF, and Losinger (Doc. 21), and Dr. Cama (Doc. 32) will be granted and the complaint will be dismissed in its entirety.

   S/ Christopher C. Conner  
CHRISTOPHER C. CONNER  
United States District Judge

Dated:        March 25, 2009

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CLINTON AYERS,** | : | **CIVIL ACTION NO. 1:08-CV-1148** |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **BRADFORD COUNTY**, et al., | : | |
| **Defendants** | : | |

## **ORDER**

AND NOW, this 25th day of March, 2009, for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed on behalf of defendants Bradford County, Schrader BCCF, and Losinger (Doc. 21), is GRANTED.

2. The motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed on behalf of Dr. Cama (Doc. 32) is GRANTED.

3. Plaintiff's complaint is DISMISSED in its entirety.

4. The Clerk of Court is directed to CLOSE this case.

5. Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge